J-S10025-21

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES JOHN GROSS, JR. | : | |
| | : | |
| Appellant | : | No. 1247 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 3, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000118-2020

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JULY 27, 2021**

James John Gross, Jr., appeals from the judgment of sentence entered on September 3, 2020, following his guilty plea conviction of simple assault, resisting arrest, and harassment.[1] Counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), on the grounds that Gross's appeal is wholly frivolous. We grant counsel's petition to withdraw and affirm the judgment of sentence.

Gross pleaded guilty in June 2020 to the above referenced charges. The charges stemmed from a drunken fight involving his father and brother. The court sentenced him to an aggregate sentence of 10 to 36 months of

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2701(a)(1), 5104, and 2709(a)(1), respectively.

incarceration. Gross filed a post-sentence motion claiming that the sentence was too harsh, which the trial court denied. He appealed and, pursuant to court order, his counsel filed a concise statement of matters complained of on appeal indicating that he intended to file an *Anders* brief. He later followed through and filed such a brief. Gross has not submitted a response.

Counsel's *Anders* brief identifies two issues:

I. Did the trial court abuse its discretion when it sentenced [Gross] to an aggregate sentence of 10 months to 36 months of incarceration?

II. Should this conviction stand, where [Gross] asserts he did not strangle his father but where [Gross] did not plead guilty to strangulation?

*Anders* Br. at 5 (some capitalization omitted).

Before we can address the merits of Gross's claim, we must first address counsel's request to withdraw. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010). In order to withdraw from representing a criminal defendant on appeal, "counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." *Santiago*, 978 A.2d at 361.

Here, counsel has satisfied all the requirements of *Santiago*. He provided a summary of the procedural history and facts, with citations to the

record; set forth the issues that he believes arguably support the appeal; explained why the appeal would be wholly frivolous; and stated his reasons for that conclusion. *See id.* Counsel has also given us, as required, a copy of the letter to Gross informing him that counsel was requesting leave to withdraw and was filing an *Anders* brief with this Court. The letter also advised Gross of his right to retain new counsel or to proceed *pro se* in response to the *Anders* brief. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa.Super. 2005).

We now conduct our own independent assessment of the record to decide whether this appeal is frivolous and "if there are any additional, nonfrivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa.Super. 2015); *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

In the first issue presented in the *Anders* brief, counsel addresses Gross's complaint that his sentence was too harsh. This claim goes to the discretionary aspects of his sentence. *See Anders* Br. at 9-14. Such a challenge is not heard on appeal as of right. Rather, we review such claims only after we determine that there is a substantial question that the sentence was not appropriate under the Sentencing Code. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). An appellant desiring review of such an issue must ask the appellate court to review the claim by setting forth in the appellate brief a concise statement of the reasons relied upon for allowance of appeal with respect to the claim. *See* Pa.R.A.P.

2119(f). We determine whether there is a substantial question about the sentence based on the Rule 2119(f) concise statement. *See Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa.Super. 2018).

We thus engage in a four-step inquiry before reaching the merits of a challenge to discretionary aspects of sentencing:

> (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Dempster*, 187 A.3d at 272 (citation omitted)

Here, Gross timely appealed and preserved his claim in a post-sentence motion, but his brief does not contain a Rule 2119(f) statement. However, where counsel has filed an *Anders* brief, the failure to include a Rule 2119(f) statement in the brief does not preclude us from determining whether the appeal is wholly frivolous. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa.Super. 2015) (citations omitted). We therefore examine the issue.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted). "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and

community, and rehabilitative needs of the defendant." *Commonwealth v. Conte*, 198 A.3d 1169, 1176 (Pa.Super. 2018) (citation omitted).

Here, the court considered evidence introduced at sentencing, including PSI report and a statement from the victim, Gross's father. *See* N.T. Sentencing, 9/3/20, at 2. The court then considered the particular circumstances of the offense and Gross's particular circumstances and imposed a sentence within the standard range of the Sentencing Guidelines. *See id.* at 4-6. We perceive no reasonable basis in fact or law to challenge the sentence as excessive, and we agree this issue is frivolous.

The second issue raised in the *Anders* brief concerns Gross's assertion that because allegations that he strangled his father were untrue, his convictions cannot stand. *See Anders* Br. at 14-16. Counsel points out that although the charges against Gross originally included strangulation, Gross did not plead guilty to that charge. Rather, his guilty plea was only to Simple Assault, Resisting Arrest, and Harassment, none of which requires strangulation as an element of the offense. *Id.* at 15.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa.Super. 2017) (citation omitted). For this reason alone, a challenge to the sufficiency of the evidence would be wholly frivolous. Moreover, as counsel points out, strangulation is not an element of

any of the crimes to which Gross pleaded guilty.[2] Hence, even if he could challenge the sufficiency of the evidence to support the charges to which he pleaded guilty, there is no legal basis on which to argue that the convictions were infirm because Gross allegedly did not strangle his father.

We thus conclude that the issues counsel flagged in his **Anders** brief are frivolous. Our review of the record reveals no other issue that would not be wholly frivolous to pursue on appeal.[3] We therefore grant counsel's motion to withdraw, and affirm Gross's judgment of sentence.

Judgment of sentence affirmed. Motion to withdraw as counsel granted.

_____

[2] For a simple assault conviction, the Commonwealth must prove beyond a reasonable doubt that the defendant "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). Bodily injury is the "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

A defendant may be convicted of harassment if the Commonwealth proves the defendant, "with intent to harass, annoy or alarm another . . . communicate[d] to or about [the complainant] any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]" 18 Pa.C.S.A. § 2709(a)(4). "[A]n intent to harass may be inferred from the totality of the circumstances." **Commonwealth v. Lutes**, 793 A.2d 949, 961 (Pa.Super. 2002).

Finally, the crime of resisting arrest occurs when a person "with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, . . . creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104.

[3] The transcript of the guilty plea hearing is not included in the certified record.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/27/2021